TOWN OF PAWLET *v.* TOWN OF SANDGATE.

An indorsement upon a paper, that it has been " received into record," is not a compliance with a law which requires it to be recorded;—the record must be made by actually transcribing the paper into a book kept for that purpose.

The burden of proof is upon the town causing a warning out process, under the statute of 1801, to be served upon a pauper residing within its limits, to prove that the warning was recorded, as required by law, within one year from the time the pauper commenced his residence in the town.

And the court will not presume that the warning was recorded within the year, from the fact that a copy is produced, on trial, which is certified by the town clerk to be " a true copy of *record*," and which has upon it a copy of a certificate, made upon the original, at the time it was returned to the town clerk's office, signed by the town clerk then in office, and certifying that the warning was " received into record," and bearing date at a time within the year.

When the *time* of recording a paper in the town clerk's office is rendered material by statute, the town clerk's certificate, showing the time when it was in fact recorded, is competent evidence as to that point.

APPEAL from an order of removal, made by two justices, of one Elizabeth Draper, a pauper, from the town of Pawlet to the town of Sandgate. Plea, that the last place of legal settlement of said pauper was not in Sandgate, and trial by jury.

On trial the plaintiff introduced evidence tending to prove, that Elizabeth Hills, the mother of the pauper, came to reside in Sandgate in the spring of the year 1806, and resided there from that time for more than three years, that the pauper, during all that time, was a minor, and lived under the care and charge of her mother, and that the said Elizabeth Hills was, during all that time, a widow.

The defendants introduced evidence tending to prove that the said Elizabeth Hills did not come to Sandgate to reside until the spring of the year 1807, and that she resided there until 1810, and they introduced a certified copy of the record of a warning to the said Elizabeth Hills to depart from said town, under the statute of 1801, and the officer's return thereon. The warning was dated

Pawlet *v.* Sandgate.

October 4, 1807, and was duly served October 7, 1807, and was indorsed, by the then town clerk, as follows; " Received into record, 9th October, 1807." The certificate of the town clerk attached to said copy, was in these words; "Sandgate, April 7, 1843. I hereby certify the foregoing is a true copy of record, as recorded among the records of the town of Sandgate."

The plaintiffs then offered in evidence a copy of the same warning and officer's return, with the town clerk's certificate attached thereto, in these words; "I hereby certify that the above is a true copy of a record, made by me March 25, 1842, and examined by me April 25, 1842." The defendants objected to so much of said certificate as specified the *time* when the record was made; but the court overruled the objection, and decided that the said certificate .was *prima facie* evidence that the said warning and officer's return were not recorded in the town clerk's office of Sandgate within one year after the said Elizabeth Hills came to reside in said Sandgate, and that the said warning would not, therefore, prevent the said Elizabeth Hills from gaining a settlement in Sandgate. The defendants thereupon submitted to a verdict for the plaintiffs, and excepted to the above decisions of the court.

*D. Roberts, Jr.,* for defendants.

1. Town clerks are made certifying officers, as to what appears upon the records of the town; Rev. St. 90, § 33; but, as this is only by virtue of the statute, it follows, that their certificate as to any extraneous fact, such as the time when, or the circumstances under which, any record was made, is unofficial, and no better than the certificate of any other person. When, therefore, in this case, the town clerk certifies that the record was made in 1842, he certifies to something *not in the book,* and we want his oath for it. *Coit* v. *Wells,* 2 Vt. 318. *Hathaway* v. *Goodrich,* 5 Vt. 65. *Blodget* v. *Jordan,* 6 Vt. 580.

2. This warning is found upon the record. It appeared *upon the record* that the same was " received into record " on the 9th of October, 1807,—and it is so certified in the copy given in evidence by the defendants. This, standing by itself, it can scarce be doubted, shows the warning " entered on the records " of the town at that date. It is difficult, then, to see how the certificate upon

Pawlet v. Sandgate.

the copy presented by the plaintiffs, that the present town clerk recorded a like paper in 1842, affords any evidence that the first was not recorded previously.

3. The warning was returned by the constable in proper time, and, (upon the court's supposition) the town clerk indorsed upon it "Received into record, October 9, 1807," and affixed thereto his name and official character. We contend that this, of itself, at any rate with the subsequent copying of the paper upon the town books, would be an entry on the records of the town, within the meaning of the statute. This paper was received, not simply *for* record, but *into* record, as made such by the authentication of the town clerk, and treating that as an entry on the records of the town, making it a record of itself.

*G. W. Harmon* for plaintiffs.

The copy of the record, given in evidence by the defendants, was defective, in not stating when the original process was recorded by the town clerk,—leaving that fact wholly to inference. The paper introduced by the plaintiffs had no farther effect, than to render certain that which before was doubtful; and the certificate was none other than should have been made by the town clerk upon the paper offered by the defendants. 3 Vt. 89.

The opinion of the court was delivered by

HEBARD, J. This case is made to turn upon the validity of a warning out process, issued by they selectmen of Sandgate against Elizabeth Hills. No objection is made to the process itself, or to the service of it. The questions grew out of the record. The law, in force at the time the process issued and was served, required a record to be made of it by the town clerk in one year. It seems, that the officer made service of it on the 7th of October, 1807, and returned it into the town clerk's office on the 9th of October, and the town clerk endorsed upon it " Rec'd into record, Oct. 9, 1807."

This could not be regarded as a record. If there was not originally a settled and well defined meaning of the term, there must be at this time; and it is hardly to be supposed, that there can be any difference of understanding, as to what the term imports. The object of a record is, not only to give the instrument *perpetuity*, but

*publicity ;* and it is now well understood, that that is to be done by transcribing the paper into a book kept for that purpose.

But the copy of the process, which the defendant produces, has the certificate of the town clerk, that the same is recorded; but neither the *record*, nor the *certificate* of the town clerk, shows when in fact the record was made, and the defendant insists that the court will infer that it was made when the paper was received for record, as nothing appears to the contrary. This will, in some measure, depend upon whom rests the burden of proof.

It has uniformly been held, that the liability of towns to support their poor is matter "*stricti juris*," and not a matter of *equity*,— and therefore the laws affecting those liabilities have received a strict construction. In this case the town of Sandgate seeks to be released from this liability, by its own act, and to fix the liability upon *Pawlet*. This being the purpose and the intended effect, before the town of Sandgate can be freed from this liability, and thus fix it upon Pawlet, it should appear, *affirmatively*, that all, that the law requires to be done, was done. The law requires this record to be made within one year. It then becomes the duty of Sandgate to show *affirmatively*, and not by intendment, that this *requisition* of the law had been complied with.

But the plaintiff introduced a copy of the same record, with the certificate of the clerk who made the record, setting forth the time, when the record was in fact made. The defendant objected to this certificate, on the ground that the statute had not made the town clerk a certifying officer for this purpose. But we think the certificate of the town clerk was properly admitted, to show the time. The *law* has made the time of recording material. If the *materiality* as to the time grew out of the *fortuitous* happening of events, or the accidental *combination* of *circumstances*, it would be different, and the time probably should be proved, like other facts. But as it is, the time when the record is made is a part of the law, that gives it any efficacy, and we think the officer who made the record, is, by the law, charged with the duty of certifying the time.

                                        Judgment affirmed.